[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO AMEND COMPLAINT DEFENDANTS' MOTION FOR A CONTINUANCE
On April 5, 1993, the plaintiffs filed a motion to amend their complaint pursuant to Practice Book Section 176. The defendants filed an objection to the plaintiffs' motion to amend together with a memorandum of law in opposition.
The return date on this case is November 29, 1988 and, since that date, the case has been dismissed twice and reopened. The case was scheduled for trial on December 23, 1992, continued to a date after January 20, 1993, and is now scheduled for trial on May 11, 1993.
A party may amend its pleadings by filing a request for leave to file the amendment with the amendment appended. Practice Book Section 176. It is within the wide discretion of the trial court to grant or deny an amendment; this determination will not be reversed absent an abuse of discretion. Webb Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987). The factors to be considered are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. LoSacco v. Young, 20 Conn. App. 6,7-8, 564 A.2d 610 (1989).
The Court has reviewed the entire file, the documents submitted by the parties and considered the oral arguments raised at short calendar. The Court finds that the CT Page 4559 plaintiffs' amendment to the complaint clarifies the original complaint rather than affect a change in the cause of action alleged. The first count of the plaintiffs' amended complaint remains an action for ejectment against the defendants.
Taking into consideration the long history of this case, prior dismissals and continuances, pending trial date and the plaintiffs' proposed amendment to the complaint, the Court foresees no unfairness or prejudice to the defendants in granting the plaintiffs' motion to amend the complaint and denying the defendants' motion for a continuance. In the event it develops at trial that the Court was mistaken in its conclusion as to prejudice, the trial judge can briefly recess the trial to allow the defendant the opportunity to conduct depositions.
Accordingly, plaintiffs' motion to amend the complaint is granted and defendants' motion for a continuance is denied.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court